IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID KELLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00821-O |
| | § | |
| ROGER DEEDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Sheriff Roger Deeds's ("Sheriff Deeds") Motion for Summary Judgment (ECF No. 47), Plaintiff David Kelley's ("Kelley") Response (ECF No. 55), and Sheriff Deeds's Reply (ECF No. 56). Having considered the motion, briefing, and applicable law, the Court finds that Sherriff Deeds's Motion for Summary Judgment should be and is hereby **GRANTED.** Accordingly, Kelley's claims against Sheriff Deeds are hereby **DISMISSED with prejudice.**

### BACKGROUND

Kelley was arrested for various drug-related offenses by the Hood County Sheriff's Office on March 4, 2013. Def.'s App. Supp. Mot. Summ. J., at 1 ("Def.'s App."), ECF No. 48. Kelley pleaded not guilty to the charges against him, and a jury in Hood County found him guilty on October 10, 2013. Def's App. at 2–9. The jury sentenced Kelley to two 99-year sentences for his crimes. *Id.* Kelley is currently serving these sentences in TDCJ-ID in Anderson County. *Id.*

While awaiting his transfer to TDCJ-ID, Kelley was incarcerated in the Hood County Jail. *Id.* Kelley was housed in the separation cell at his own request. Def.'s App. at 10. On October 30, 2013, Hood County Jail staff conducted a routine random inspection Kelley's cell. *Id.* at 11–15. Lieutenant A. Jones entered Kelley's cell and observed him standing by the shower, ostensibly washing his clothes. *Id.*

While inspecting the cell, Lt. Jones noticed that Kelley had hung a t-shirt and socks on a television stand which was mounted in the upper corner of his cell. *Id.* Upon closer inspection, Lt. Jones saw two loose bolts protruding from the front of the television stand. *Id.* He immediately removed the clothing hanging there and discovered that the television stand was very loose. *Id.* Lt. Jones tested the bolts and was easily able to pull them from the wall. *Id.*

After discovering the loose bolts, Lt. Jones then proceeded to inspect the shower where he discovered a large hole in the cinderblock wall of the shower that appeared to have been dug out with some sort of tool. *Id.* The hole measured approximately six inches in diameter and appeared to have been approximately one-half inch deep. *Id.*

Upon discovering the hole in the shower wall, Lt. Jones called upon another jailer to remove Kelley from his cell and conduct an unclothed body search of him. *Id.* Lt. Jones then informed various members of the administrative staff of the damage to the wall, and the matter was recorded in Kelley's file as an escape attempt. *Id.*

Kelley alleges that the record of the escape attempt has followed him, and that he has been denied certain privileges while incarcerated in TDCJ as a result. Pl.'s Original Compl., 6, 8. Specifically, Kelley alleges that the references to an escape attempt have

2

harmed his reputation, precluded him from participating in educational opportunities, prevented him from obtaining more favorable living conditions, as well as prevented him from obtaining the privilege to wear a beard for religious reasons. *Id.* Kelley claims that the record of the escape attempt amounts to a violation of his constitutional right to due process. *Id.* Kelley seeks no money damages in his lawsuit, only that the Court order Sheriff Deeds to redact any mention of the alleged escape attempt from his record.

## LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed

3

allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id*. at 250.

## ANALYSIS

### A. Kelley's Claims are Time-Barred

Section 1983 provides a federal cause of action but it does not establish a statute of limitations, so federal courts look to the law of the forum state to determine the length of the applicable statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for a suit brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *See Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Texas has a two-year statute of limitations for personal injury claims. *Hatchett v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). "The limitations period begins to run when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Hitt v. Connell*, 301 F.2d 240, 246 (5th Cir. 2002) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)).

Kelley alleges in his Complaint that the escape attempt of which he complains occurred "on or about November 1, 2013." Pl.'s Original Compl. at 4. Kelley unequivocally states that he discovered the facts upon which he bases this litigation on Monday, November 4, 2013. *Id.* Therefore, the statute of limitations with respect to Kelley's claims in this litigation expired on November 4, 2015. *See Chester v. Samuels*, 740 F. App'x 410, 411 (5th Cir. 2018) (per curiam) ("A prisoner's verified complaint is competent summary judgment evidence, and, as the nonmovant, we presume his verified version of any disputed fact to be true."). As Kelley filed his Complaint on October 2,

4

2018—almost three years after the applicable statutes of limitations had expired—his claims are time barred.

Accordingly, Sherriff Deeds's Motion for Summary Judgement is **GRANTED** and Kelley's claims are hereby **DISMISSED WITH PREJUDICE.**

**B.     A Section 1983 Claim Cannot be Premised on Respondeat Superior**

While Kelley's claims are time barred due to the expiration of the statute of limitations, the Court alternatively finds that Kelley's claims cannot survive Sherriff Deeds's Motion for Summary Judgment as they are premised solely on respondeat superior.

A defendant in a Section 1983 claim may not be held liable solely on the basis of respondeat superior. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). The Supreme Court held that the term "supervisory liability" in the context of a Section 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Further, the Supreme Court has rejected the argument that government officials may be held liable merely because they had knowledge or acquiesced in their subordinate's misconduct. *Id*. Thus, because vicarious liability is inapplicable in a Section 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. at 676.

Supervisory officials can be held liable only if the plaintiff demonstrates either: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation.

5

*Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). There must be an affirmative link between the injury and the defendant's conduct. *Id*. at 304; *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 96 (1976)).

Kelley has not alleged, and the summary judgement evidence conclusively establishes that Sheriff Deeds personally took no action relating to the escape attempt. Def.'s App. at 17. Further, Kelley has not alleged, and the summary judgment evidence conclusively establishes that there is no causal connection between Sherriff Deeds's actions and the alleged deprivation. Since Sheriff Deeds cannot be held liable under the theory of respondeat superior, because Kelley sets forth no evidence to show Sherriff Deeds is responsible in a supervisory capacity, Kelley's Section 1983 claim fails.

Accordingly, Sherriff Deeds's Motion for Summary Judgement is **GRANTED** and Kelley's claims are hereby **DISMISSED WITH PREJUDICE.**

## C.     Qualified Immunity

Because the Court holds that Kelley's claims are time-barred and that Sherriff Deeds cannot be liable under respondeat superior, the Court need not examine whether Sherriff Deeds is entitled to qualified immunity. *See, e.g.*, *Twillie v. Foulk*, 360 F. App'x 301, 304 n.5 (3d Cir. 2010) (noting that the court need not address the application of the doctrine of qualified immunity when summary judgment was affirmed on other grounds).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 47) should be and is hereby **GRANTED.** Accordingly, Kelley's claims against Sherriff Deeds are hereby **DISMISSED with prejudice.**

**SO ORDERED** on this **19th day** of **August, 2020**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**